PER CURIAM.
These disciplinary proceedings by The Florida Bar against Marie Susan Hotaling, a member of The Florida Bar, are presently before us on complaints of The Florida Bar and report of referee. Pursuant to article XI, Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to Integration Rule of The Florida Bar 11.09(1) has been' filed.
Having considered the pleadings and evidence, the referee recommended as follows:

As to Case No. 63,050

I recommend Respondent be found guilty of the following violations, to wit: Code of Professional Responsibility Disciplinary Rule 6-101(A)(3) in that she neglected a legal matter entrusted to her, and Rule 7-101(A)(2), in that she failed to carry out her contract of employment with Ms. Dodson.
As to Case No. 65,818 — Count I
I recommend Respondent be found guilty of the following violations, to wit:
Code of Professional Responsibility Disciplinary Rule 1-102(A)(6) (a lawyer shall not engage in any conduct that adversely reflects on his fitness to practice law), Rule 3-104(C) (a lawyer shall exercise a high standard of care to assure compliance by nonlawyer personnel), and Rule 9-102(B)(4) (a lawyer shall promptly deliver to the client, upon request, property the client is entitled to receive).
As to Case No. 65,818 — Count II
I recommend Respondent be found guilty of the following violations, to wit:
Code of Professional Responsibility Disciplinary Rule 1-102(A)(1) (a lawyer shall not violate a disciplinary rule), Rule 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation), Rule 1-102(A)(6) (a lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law), Rule 6-101(A)(1) (a lawyer shall not handle a legal matter which he knows or should know he is not competent to handle), Rule 6-101(A)(2) (a lawyer shall not handle a legal matter without preparation adequate in the circumstances), Rule 6-101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him), Rule 7-101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of his client), Rule 7-101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client) and Rule 7-101(A)(3) (a lawyer shall not intentionally prejudice or damage his client).

*691
Recommendation as to Disciplinary Measures to be Applied

I recommend as follows:
(1) Respondent be suspended from the practice of law for a period of eighteen (18) months with proof of rehabilitation required pursuant to article XI, Rule 11.-11 of the Integration Rule.
(2) Prior to reinstatement, Respondent should be required to take and successfully pass the entire Florida Bar examination, including the ethics portion of same.
(3) After Respondent has met the foregoing conditions and is reinstated to the practice of law, Respondent should be placed on probation for a period of eighteen (18) months, and should only be permitted to practice under the guidance of another member of The Florida Bar who is not currently under some type of disciplinary proceeding.
This Court ordered the parties to file simultaneous briefs pursuant to article XI, Rule 11.09(3)(f) directed to the suitability of the requirement recommended by the referee of taking and passing the Florida Bar Examination as a condition precedent to reinstatement. The Florida Bar filed its brief in support of the recommendation of the referee. The respondent did not file a brief.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, Marie Susan Hotaling, is hereby suspended from the practice of law for a period of eighteen (18) months with proof of rehabilitation required pursuant to article XI, Rule 11.11 of the Integration Rule. This suspension shall be effective July 1, 1985, thereby giving respondent thirty (30) days to close out her practice and take the necessary steps to protect her clients. Respondent shall not accept any new business.
Prior to reinstatement, respondent shall take and successfully pass the entire Florida Bar examination, including the ethics portion of same. ■
After respondent has met the foregoing conditions and is reinstated to the practice of law, she shall be placed on probation for a period of eighteen (18) months, and shall only practice under the guidance of another member of The Florida Bar who is not currently under some type of disciplinary proceeding.
Judgment for costs in the amount of $1,571.61 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.